THE STATE v. FRED BUCKNER, Appellant.—72 S. W. (2d) 73.

Division Two, May 17, 1934.

230

*J. Grant Frye* for appellant.

*Roy McKittrick*, Attorney-General, and *William W. Barnes*, Assistant Attorney-General, for respondent.

WESTHUES, C.—Appellant was convicted in the Circuit Court of Cape Girardeau County, Missouri, of the crime of murder in the second degree. His punishment was fixed at ten years' imprisonment in the penitentiary. Being denied a new trial, he appealed from the sentence imposed by the court in accordance with the verdict of the jury.

The State's evidence disclosed the following: The deceased, Ernest Buchanan, and his family lived a short distance from the home of appellant. Deceased's children had, on a number of occasions,

visited a family living in the same building occupied by appellant. Trouble followed these visits and on the morning of the homicide a small child of deceased was ordered, by appellant and his wife, to go home. Curse words were exchanged and the wife of appellant drove the child away, striking at her with a broom. The child went home and shortly thereafter deceased, his wife and a number of children went towards the home of appellant. Deceased, a son and daughter went as far as the porch of appellant's home while the other members of the family remained farther away. Deceased called to appellant, by name, for the purpose of talking over their troubles and of peaceably settling their difficulties. Appellant appeared with a pistol pointed at deceased. The State's evidence tends to prove that appellant snapped the gun but it failed to fire. Deceased then grabbed appellant's arm and a scuffle followed. The evidence is not clear, but according to the State's witnesses a shot was fired either immediately before deceased grabbed appellant's arm or shortly thereafter. A son of deceased testified that after the shot was fired and while his father and appellant were scuffling he, the son, picked up a chair and struck appellant over the head a number of times, causing appellant to fall. Appellant requested deceased to let him up, which he did. Buchanan walked a short distance and fell. He was taken to a hospital where it was disclosed that the second finger of his right hand had been shattered and that the bullet had struck the abdomen and lodged in the vertebrae. A large iliac vein had been severed and due to hemorrhage death followed within a short time. The State also adduced evidence of a threat, made by appellant, that he was going to kill deceased if deceased ever trespassed upon his premises.

Appellant's evidence tends to prove the following: The trouble began over the children of deceased coming to appellant's place. Appellant testified that a few minutes after the Buchanan child went home he noticed deceased coming with a club in his hands; that because he feared deceased would inflict injury on him and his family, and because he desired to protect himself and his home, he procured a pistol, loaded it, went to the door and latched the screen; that when Buchanan arrived at the porch he called appellant a vile name and ordered him to come out of the house; that he, appellant, responded he did not want trouble and asked Buchanan to leave, whereupon Buchanan replied, "To hell with you," and attempted to open the screen door; that he, appellant, thereupon opened the door and stepped out on the porch. Appellant testified that deceased immediately struck him over the head a number of times with the club, causing him to fall; that after he fell the pistol was discharged. Appellant stated that if anyone struck him over the head with a chair he knew nothing about it. That appellant had been struck over the head a number of times was admitted. The

blows caused considerable swelling and bleeding. The State contended the blows were struck by deceased's son after the shot was fired, while appellant contended that deceased struck him prior to the shooting.

The trial court submitted the case to the jury, and we think correctly so, on the questions of murder in the first and second degrees and manslaughter.

A motion for new trial and also a supplemental motion were filed within four days after verdict. Many of the points made in the original motion pertain to the admission and exclusion of evidence. Upon examination it was found that no objections were made to the rulings on the admission of evidence, or exceptions saved, and therefore, the points have not been preserved for our review. We may say, however, had they been preserved we find little or no merit in them. The case, during the progress of the trial on the admission and exclusion of evidence, we find to have been fairly tried. Complaint was made that the trial court erred in not striking from the record the evidence of two witnesses for the State. The evidence of one because the witness was discredited and not worthy of belief. The testimony of the other because the witness testified that he saw the difficulty when it was in fact shown that he could not have witnessed it because a building obstructed his view. Even though a witness may be discredited, the weight of the testimony of such witness is for the jury and not the court. Likewise the question of whether the witness was in a position where he could, or could not, observe the difficulty was for the jury to decide and not the court. The points are, therefore, ruled against appellant.

Error is assigned to the giving of a number of instructions. Only one need be considered. In the supplemental motion the manslaughter instruction was alleged to be erroneous. It was pointed out in the motion that this instruction required the jury to find "beyond a reasonable doubt" that defendant was struck by deceased and that this resulted in defendant's excitement and passion and thereby reduced the homicide from murder to manslaughter. Instruction 4 reads as follows:

" 'The court instructs the jury that if you believe and find from the evidence in this case, and beyond a reasonable doubt, that the defendant was struck one or two licks with a club by deceased Buchanan, and that as the result of such blows the defendant became excited and under a heat of passion of such an extent that he did not act from and under malice aforethought and not with a design to take the life of Buchanan and not under such facts as to constitute murder in either degree, and not excusable as explained in Instruction No. 7, and not in self-defense as explained, then you should find him guilty of manslaughter and assess his punishment by imprisonment in the penitentiary for not less than two nor more than ten years, or by imprisonment in the county jail not less than

six months, or by a fine not less than five hundred dollars, or by both a fine not less than one hundred dollars and imprisonment in the county jail not less than three months.' ''

The learned Attorney-General states in his brief:

''Appellant may not complain of instruction in reference to manslaughter, when convicted of second degree murder, even if erroneous.''

The cases of State v. Dunn, 80 Mo. 681, l. c. 693; State v. Baker, 246 Mo. 357, l. c. 375, 152 S. W. 46; State v. Privitt, 175 Mo. 207, l. c. 231, 75 S. W. 457, and State v. Goddard, 162 Mo. 198, l. c. 232, 62 S. W. 697, are cited in support of this statement. An examination of these cases as well as the later cases of State v. Cade, 34 S. W. (2d) 82, 326 Mo. 1132, and State v. Hicks, 3 S. W. (2d) 230, 319 Mo. 28, will disclose that the statement of law made is correct only in a limited sense. In each of the cases cited it will be found that the erroneous instruction was held to be harmless because, under the evidence, a manslaughter instruction was not justified, therefore, defendant was not prejudiced by the giving of the erroneous instruction.

In this case, however, appellant was, under the evidence, entitled to a manslaughter instruction. The jury might have well found, under the evidence, that appellant was struck by deceased prior to the fatal shooting. This required the submission of the case on the question of manslaughter. [State v. Creighton, 52 S. W. (2d) 556, l. c. 560, 561 (2-5), 330 Mo. 1176; State v. Sterling, 72 S. W. (2d) 70.]

The jury, by their verdict, assessed the minimum punishment prescribed for murder in the second degree. For all we know the jury may have considered the question of whether appellant was guilty of manslaughter. If they so considered that question they were confronted with the instruction above quoted, requiring them to find ''beyond a reasonable doubt,'' that deceased, Buchanan, struck defendant one or two licks with a club, and that as a result of such blows the defendant became excited and under a heat of passion to such an extent that he did not act from and under malice aforethought. The jury may not have so found ''beyond a reasonable doubt'' and, therefore, under the instruction, the shooting was done with malice aforethought and as a result appellant was guilty of murder in the second degree. The error was certainly prejudicial to the rights of appellant. This court correctly stated the rule of law in State v. Little, 228 Mo. 273, 128 S. W. 971, l. c. 979, as follows:

''It is said for the State that the defendant cannot complain of any alleged error in an instruction relating to fourth-degree manslaughter since he was tried and convicted on the charge of seconddegree murder; citing State v. Dunn, 80 Mo. 681; State v. Talbott, 73 Mo. l. c. 358; State v. Jackson, 167 Mo. l. c. 297, 66 S. W. 938.

We do not think those cases in point. The evidence in this case warranted, we think, an instruction on fourth-degree manslaughter, and the trial court evidently thought so. Having, at the instance of the State, given such instruction, it was required to be correct.''

It was not incumbent upon appellant to prove ''beyond a reasonable doubt'' that deceased struck him and that such blows caused appellant to become excited and under a heat of passion. It was sufficient if, under the evidence, the jury could have reasonably so found and if they had so found it would have reduced the offense to manslaughter. [16 C. J. 1025, sec. 2455; State v. May, 172 Mo. 630, 72 S. W. 918.] The principle of law was also well stated in State v. Malone, 327 Mo. 1217, 39 S. W. (2d) 786, l. c. 789, 790 (4, 5).

The phrase ''and beyond a reasonable doubt'' was unnecessary, but the way in which the instruction was worded the phrase rendered the instruction erroneous. In criminal cases the giving of the often approved instruction, telling the jury that they must find a defendant guilty beyond a reasonable doubt before they are authorized to convict, is sufficient upon that point. A reasonable doubt instruction was given in this case, therefore, the repetition of the phrase ''beyond a reasonable doubt'' in other instructions was entirely unnecessary.

Other points made are of little significance and are of such a character that they are not likely to occur on retrial. For the error indicated the judgment is reversed and the cause remanded. *Cooley* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. *Leedy* and *Tipton, JJ.*, concur; *Ellison, P. J.*, absent.