**STATE of Missouri, Respondent,**

v.

**Milton LAMB, Appellant.**

**No. 56017.**

Supreme Court of Missouri, Division No. 2.

June 28, 1971.

**210**

John C. Danforth, Atty. Gen., Kermit W. Almstedt, Asst. Atty. Gen., Jefferson City, for respondent.

Lucas & Murphy, Joseph A. Murphy, St. Louis, for appellant.

BARRETT, Commissioner.

Milton Ray Lamb, age 48, in throwing a "bomb" or "Molotov cocktail" into an apartment occupied by Robert Rogers, at 2802 Stoddard Street, has been found guilty of attempted arson and his punishment fixed at three years' imprisonment. RSMo 1969, §§ 560.010, 560.015 and 560.-035, V.A.M.S.

On February 18, 1970, about 10:30 Rogers came in from work and as he talked to his sister and walked about the apartment a lighted bomb, a bottle with a wick in its neck, came through a window, through a Venetian blind, and fell behind the bed filling the rooms with smoke and the odor of "tar and gas." Almost immediately a second bomb hit the same window and Rogers looked out in time to see the appellant Lamb throw the second bomb and, he said, "I seen Geno (Thomas) dart back, and I seen Milton throw his bottle." Geno was married to the daughter of Rogers' sister, Anna E. Smith, and both Geno and Lamb were well known to Rogers and his sister. The only questions briefed and argued relate to the examination of certain witnesses and the admission of certain evidence and the noted circumstances, needless to say, support the charge and conviction.

One of the police officers, John Roussin, examined the apartment at 2802 Stoddard, saw and picked up the broken bottles and the following morning, about 10:30 arrested Lamb at 2736 Delmar in an apartment occupied by Lamb and the woman, Sadie Dunne, with whom he had lived "off and on" for 28 years. In the course of his direct examination the state's attorney inquired of Officer Roussin whether when he entered the apartment and arrested Lamb he "advised him of any constitutional rights that he might have." The officer said that he "advised him verbally of his rights," that he had the right to remain silent, that anything he said could be used against him and that he had a right to "have counsel present during any questioning." In this background defendant's counsel, relying on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 and Fowle v. United States, 9 Cir., 410 F.2d 48, contend that the questions and answers relative to Officer Roussin's advising Lamb of his "rights" infringed the appellant's constitutional right to remain silent.

■ Needless to say, long before Miranda, it has not been proper in this jurisdiction to show a defendant's silence after arrest and custody even though in certain circumstances when not under arrest silence may be shown. See State v. Dowling, 348 Mo. 589, 154 S.W.2d 749; State v. Starks, Mo., 459 S.W.2d 249; State v. Stuart, Mo., 456 S.W.2d 19; State v. Lovelace, Mo., 461 S.W.2d 733. The difficulty with the appellant's contention and the ap-

plicability of the noted rules is that this record does not fall within their condemnation. After testifying that Lamb understood his rights Officer Roussin was asked whether Lamb desired a lawyer. At this juncture the court intervened and, "outside of the hearing of the jury," inquired whether Lamb had made a statement. Upon being informed that he had not, the court inquired "Why do you go into this?" The prosecutor responded that the purpose was to show that "he was advised of his rights" and that "he had a right to make a statement." The court advised state's counsel that he could not show "that he refused to make a statement" and the court said, "So proceed. Lay off it." The prosecuting attorney responded, "All right. No further questions." There was no other reference to the subject matter of the colloquy between court and counsel and thus plainly there is no foundation in fact for the asserted invasion of the appellant's right to silence.

■ In the examination of Anna E. Smith it was established that some two months prior to the incident involved here Geno Thomas had thrown a bomb into her apartment. It is urged that proof of this collateral matter was prejudicial and entitles the appellant to a new trial. Needless to say, Geno's throwing a bomb into his mother-in-law's apartment two months previously, Lamb not present, was indeed a collateral matter and should have been excluded. State v. Cox, Mo., 360 S.W.2d 668; State v. Hagerman, Mo., 244 S.W.2d 49, the collateral matter being excluded in both cases. The difficulty with the appellant's claim of error here is that there was no such objection to the proof, not even a foundation for the objection. The objection by defendant's counsel was "I wish it would be made clear to the jury that the witness is now talking about someone other than the defendant. * * * I want that clearly understood." In the course of the colloquy the following occurred:

"THE COURT: All right. Now, she is beginning to relate at some other time she saw Geno do something; is that right?

MR. KITCHEN (the prosecutor): That is correct.

THE COURT: *And Counsel wants the jury to specifically understand that the incident she is now referring to wherein she said she saw Geno do something is not his client, Milton, in this case?*

MR. COLLINS: (defendant's counsel) *Yes, sir.*

MR. KITCHEN: Of course, the evidence reflected the other witness saw Geno with him on the 18th.

THE COURT: Well, pardon me. *No, that is another matter now. This is straightened out to your satisfaction, is it, Mr. Collins?*

MR. COLLINS: *Yes, Your Honor.*

THE COURT: All right. You may proceed."

There was no other objection or request and there was no other reference to Geno's throwing a bomb in February. Appellant's counsel got all the relief requested, a distinct understanding that the incident referred to had nothing to do with his client or with the incident involving his client—indeed a wholly collateral matter.

■ The third incident referred to a question to Sadie Dunne on recross-examination by the state's attorney, whether she had been convicted of prostitution. As with the incident of Anna E. Smith's testifying to Geno's throwing an unrelated bomb there was no objection whatever to the question—there was only the inquiry and the emphatic negative answer without objection or motion to strike and in these circumstances the present objections are not open questions in this court. State v. Buckner, 335 Mo. 229, 72 S.W.2d 73; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, 888; State v. Tyler, Mo., 306

S.W.2d 452, 456; State v. Meiers, Mo., 412 S.W.2d 478.

Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and HENLEY, Alternate Judge, concur.

FINCH, J., not sitting.