STATE of Missouri, Respondent,

v.

David CHEATUM, Appellant.

No. KCD 27053.

Missouri Court of Appeals, Kansas City District.

March 3, 1975.

———◆———

William G. Mays, II, Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Asst. Atty. Gen., St. Louis, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

The appellant was convicted by a jury of robbery and sentenced to imprisonment for a term of fifteen years. This appeal follows.

The facts of the offense are not in dispute. The offense was committed during the early morning hours at a service station in Columbia, Missouri, operated by Robert Breden. Appellant entered the station to get change for a fifty dollar bill but left when he was told he could not be accommodated. Moments later he returned and ordered Breden to give him all of his money. Appellant pulled a gun and as a mark of his serious intention, fired his pistol and repeated his order. Breden surrendered his money and was then forced to lie down while appellant escaped.

Breden gave a description to the police and identified appellant from a police photographic album. Appellant was arrested and later identified by Breden as his assailant at the preliminary hearing.

■ The appellant contends that the in-court identification by Breden was tainted by suggestive police procedure and therefore should have been suppressed. The fallibility appellant finds with the procedure is that Breden did not make identification until a second view of the photographs and, also, by the variance of his description of the suspect with his later identification by photograph. This general argument of an unduly suggestive identification environment, without reference to any fact in evidence, does not invite a specific response. It is sufficient to say that Breden made the identification decisively within a short time after the robbery and centered it solely upon the appellant. In any event, the evidence established that during the course of the robbery Breden had observed the appellant for about four minutes from a distance of some two feet under bright fluorescence. The appellant wore no masking and Breden had a clear and constant view of the face of the assailant. The description Breden gave to the officers matched substantially that of the appellant and was the basis for his arrest a short time later. We conclude, therefore, that the courtroom identification of appellant made by Breden had an ample independent origin, thus the allegation of photographic suggestion, even if valid, is not conclusive. State v. Carey, 486 S.W.2d 443, 446[2–4] (Mo.1972).

The other point appellant makes on this appeal is that the trial court erred in the denial of his motion for mistrial after the prosecutor elicited testimony which, appellant contends, amounted to a comment on his failure to testify. At the trial, Officer Maupin testified for the State that, on the basis of the description of the robber given by the dispatcher, he stopped the appellant, saw him discard a pistol, searched him and found paper and silver currency on his person. He thereupon informed appellant that he was under arrest for carrying a concealed weapon and for armed robbery. On the way to the police station "[he] read him his rights, the Miranda Decision".

At the trial the appellant objected that since the prosecution was aware that appellant had made no statement, the advisement by the officer of the Miranda rights would be understood by the jury—conversant through television that the Miranda warnings precede a statement—that the appellant had made such a disclosure, thus attempting indirectly that which he could not do directly—comment on the failure of appellant to testify.

It is a rule of long standing that the silence of an accused after arrest cannot be shown against him. That is to say, the failure of an accused to volunteer an exculpatory statement is not admissible. State v. Elmore, 467 S.W.2d 915, 917[2] (Mo.1971). A statement of the Miranda rights, without further embellishment, recognizes the right of one under judicial charge to remain silent in the face of accusation and, to that extent, is merely a restatement of the principle so long in effect in this jurisdiction. State v. Lamb, 468 S.W.2d 209, 210[1] (Mo.1971). In this case, Officer Maupin did not elaborate the Miranda rights; there is no evidence what the appellant understood by them nor, more importantly, any comment that he failed to make response. It would be pure speculation to conclude, as does appellant, that the jury properly understood the warning of rights to require a response from appellant. It is not logical to say that the right of an accused to remain silent is violated by informing a jury that he had been accorded that right.

The judgment is affirmed.

All concur.