**STATE of Missouri, Respondent,**

v.

**Lawrence LANGENECKERT, Appellant.**

**No. 36316.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 2, 1975.

Motion for Rehearing or Transfer
Denied Jan. 23, 1976.

Application to Transfer Denied March
8, 1976.

Charles D. Kitchin, Public Defender, David M. Adams, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

The State charged defendant in separate counts with sodomy and child molestation. A jury found him guilty on both counts and pursuant to the Second Offender Act the trial court assessed his punishment at 75 years' imprisonment for sodomy and five years' imprisonment for child molestation, the sentences to run consecutively. He appeals.

On October 15, 1973 defendant committed various sexual acts with a 12-year-old girl. As he left her house the girl's mother saw him; her cries for help were answered by the girl's grandfather who lived nearby. The grandfather gave chase, following defendant to an automobile, took down the license number and gave police defendant's description.

The police found defendant at his home. A wig and brief case matching those described by witnesses were seized and used for identification at trial.

At trial the prosecution asked a policeman witness: "After you placed the defendant under arrest did you advise him of his rights?" Before the witness answered the defendant objected and was overruled. When the witness answered, "Once when I placed him under arrest. Once when he was booked. Once . . ."; the defense renewed its objection and this caused the court to alter its ruling, sustaining the objection and ordering the answer stricken.

Defendant argues that if evidence is presented on Miranda warnings given defendant, with no statements of the defendant introduced in evidence, the jury will infer the defendant chose to remain silent. Attention would thus be indirectly drawn to the defendant's silence, giving the State the same advantage as would an improper comment on the defendant's silence.

■ It is improper to elicit testimony that warnings have been given and heeded, but where, as here, evidence is adduced only that warnings were given there is no error. *State v. Lamb*, 468 S.W.2d 209[1] (Mo.1971) and *State v. Cheatum*, 520 S.W.2d 695[2, 3] (Mo.App.1975).

■ During cross examination, the victim's mother testified her daughter had mentioned to her that she had spat out seminal fluid onto a bedspread. In closing argument defense counsel attempted to argue that an adverse inference should have been drawn from the State's failure to produce scientific evidence to support the presence of seminal fluid on the bed. There is no indication in the record police knew of any expectoration. It does not appear from the record there was any test to determine its existence.

This point is akin to those raised in *State v. Wiggley*, 515 S.W.2d 791[2, 3] (Mo.App. 1974) and *State v. Terry*, 472 S.W.2d 426 (Mo.1971). In those cases comment on the State's failure to produce fingerprint evidence was not permitted where there was no indication in the record fingerprints had been taken at the scene. This is not a case where the prosecution knew of evidence and withheld it from the defendant. We find no error here.

■ The court set defendant's sentence at 75 and 5 years to run consecutively. Defendant argues this is excessive. The sentences were within the statutory limits and therefore not excessive. *State v. Phillips*, 480 S.W.2d 836[4] (Mo.1972).

Judgment affirmed.

KELLY and STEWART, JJ., concur.