198

**STATE of Missouri, Plaintiff-Respondent,**

v.

**Melvin Lewis LEE, Defendant-Appellant.**

No. 36213.

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 13, 1976.

John M. Walsh, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Chief Counsel, Crim. Div., Robert L. Presson, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., J. S. Roche, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant-appellant was convicted of first degree robbery and sentenced to 20 years imprisonment. On appeal, defendant does not challenge the sufficiency of the evidence.

■ Defendant's first attack on the trial proceedings is that a police officer testified that defendant had been given his constitutional rights warnings at the time of his arrest, which defendant claims was an improper comment on his right to remain silent. The following testimony forms the basis for the defendant's argument:

"Q. [prosecuting attorney]: Whom did you arrest?

A. [arresting officer]: The defendant seated there, Floyd Lee Hemphill, James Grimm, and I believe Joseph Black.

Q. After they were arrested, what was the next thing you did?

A. Ordered them against the wall, had them in a position they could not hurt me, *advised them of their rights—*" (emphasis added)

Defendant's counsel objected to the last statement on the ground that the mention of advising defendant of his constitutional rights was sufficient to inform the jury that defendant exercised his right to remain silent, and, as such, was an improper comment on defendant's failure to make a statement. Defendant's objection was over-

ruled and motion for mistrial denied. The issue, then, on this appeal is whether the arresting officer's testimony that he advised defendant of his constitutional rights was an impermissible comment on defendant's right to remain silent. This precise issue was answered in *State v. Langeneckert*, 532 S.W.2d 477 (Mo.App.1975), and *State v. Cheatum*, 520 S.W.2d 695 (Mo. App.1975). In *Cheatum*, the alleged error occurred when the arresting officer testified at trial that on the way to the police station he "read him [defendant] his rights, the Miranda Decision." The defendant's counsel in *Cheatum* made essentially the same objection as made in this case. The court in rejecting the argument held, id. 697:

"A statement of the Miranda rights, without further embellishment, recognizes the right of one under judicial charge to remain silent in the face of accusation . . . . In this case, (the police officer) did not elaborate the Miranda rights; there is no evidence what the appellant understood by them nor, more importantly, any comment that he failed to make response. It would be pure speculation to conclude, as does appellant, that the jury properly understood the warning of rights to require a response from appellant. It is not logical to say that the right of an accused to remain silent is violated by informing a jury that he has been accorded that right."

*State v. Langeneckert*, supra, where the arresting police officer acknowledged that he had advised the defendant "of his rights," is to the same effect as *Cheatum*. The testimony in this case clearly falls within the holdings of *Langeneckert* and *Cheatum* and is even less susceptible to interpretation as a comment on the accused's right to remain silent. The police officer did not specify that he advised the defendant of his "Miranda rights" as in *Cheatum*, but, rather, used the term "constitutional rights" without any further specification. We find no interdicted commentary on defendant's right to silence.

Defendant's second point on appeal is that the trial court erred in refusing to allow defendant's counsel to rehabilitate the defendant on the issue of his prior convictions. At trial, defendant elected to testify in his own behalf, and on cross-examination admitted two prior felonies. On redirect examination, defendant's counsel inquired if defendant had pleaded guilty to the convictions. The prosecutor's objection to the inquiry was sustained, and defendant contends that since the State was permitted to impeach his credibility by showing prior convictions, he should have been permitted to establish his honesty by admitting guilt to past crimes. This argument is non-meritorious.

 By virtue of § 491.050 and § 546.-260 RSMo. 1969, limited inquiry into the defendant's conviction record is permissible to impeach his credibility when the defendant elects to take the stand. *State v. Massa*, 512 S.W.2d 912 (Mo.App.1974); *State v. Lee*, 492 S.W.2d 28 (Mo.App.1973). The extent of permissible explanation by defendant of the extenuating circumstances of his prior convictions and the facts pertaining to those convictions is a matter which best rests in the discretion of the trial court. It is, of course, desirable to forebear any retrial of the former case or the evidence of circumstances surrounding a former conviction. See *State v. Jones*, 249 Mo. 80, 155 S.W. 33 (1913). We find no abuse of the trial court's discretion in refusing to allow defendant to testify that he had admitted his guilt by way of explanation of his prior felonies. If the defendant were allowed to explain the circumstances of his pleas of guilty to past convictions, it would follow that the State would be allowed to rebut the explanation, and the entire matter would again be retried, although the prior conviction is legally conclusive on the issue of defendant's guilt. The fact that the defendant pleaded guilty to a criminal charge would serve no rehabilitative purpose. The following statement in *United States v. Bray*, 445 F.2d 178, 181 (5th Cir. 1971), is particularly felicitous to this case:

"The probative fact is not whether he denied or admitted committing the of-

fense for which he was convicted, but whether he committed the offense at all. . . . That (the defendant) pled guilty to the prior offenses, of course, does not change the fact that he was found guilty of committing those offenses. Moreover, a guilty plea is often as much a result of an accused's realistic assessment of his chances to be acquitted should he go to trial as it is a result of any altruistic motive to 'come clean.' "

The judgment is affirmed.

SIMEONE, P. J., and RENDLEN, J., concur.