**STATE of Missouri, Respondent,**

v.

**Steve MOORE, Appellant.**

**No. 37071.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 23, 1976.

Motion for Rehearing or Transfer
Denied Jan. 14, 1977.

ment ensued between Baker and the victim. Muse got out of the right side of the car and met Baker near the rear of the automobile. During the ensuing argument Baker knocked Muse to the curb. While Muse was down, Moore, the defendant, fired one shot into his chest. Muse died as a result of the gun shot wound.

Immediately after the shooting defendant fled in an automobile along with Baker and at least one other person. Defendant was arrested in Mississippi ten months later.

Defendant testified on his own behalf. He stated that he was at the nightclub the night of the shooting. As he left the club he saw Baker and the victim fighting in the street. As he approached the fighting men, Baker grabbed a gun from defendant's waistband and shot the victim. Defendant then snatched the gun from Baker and Baker fled the scene. Defendant testified that he walked back to the club and waited for some friends who were in the club. Two witnesses for defendant testified they were in the club when a man named Carl entered the door and shouted "Johnny Boy had to shoot his pistol," and that defendant returned to the club immediately afterward.

Defendant's first contention is that the trial court erred "in failing to instruct the jury as follows:

The presence of a person at or near the scene of an offense at the time it was committed is alone not sufficient to make him responsible therefor. . . . (Second Paragraph MAI-CR 2.10)"

for the reason that this instruction was required by the evidence and the applicable Supreme Court rules.

Defendant did not submit the above as an instruction at the trial. The instruction which he now contends the court was required to give, though not requested, is the second paragraph of MAI-CR 2.10.[1] The

Raymond Bruntrager, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, Timothy J. Verhagen, Asst. Atty. Gen., Jefferson City, for respondent.

STEWART, Judge.

A jury convicted the defendant of second degree murder and fixed his punishment at ten years imprisonment. Defendant appeals from the judgment entered upon the jury's verdict. We affirm.

The defendant does not attack the sufficiency of the evidence. The facts may be briefly stated. Shortly after 1:30 a.m. on November 7, 1972, Clarence Muse, the victim, and three companions left a nightclub in the City of St. Louis at closing time. The four were seated in an automobile and were ready to drive away when John Baker, who was referred to as Johnny Boy, came to the passenger side of the car. An argu-

---

1. MAI-CR 2.10 in its entirety reads:

"All persons are guilty who knowingly act together with the common purpose of committing an offense, or who (, whether present or not,) knowingly and intentionally aid or en-

courage another in (committing) (attempting to commit) it, and whatever one does in furtherance of (an attempt to commit) the offense is the act of each of them.

**12**

defendant does not contend that the court was required to give MAI-CR 2.10 in its entirety.

■ Note 3 to MAI-CR 2.10 provides that the second paragraph may be omitted when there is no evidence that the defendant was present at or near the scene of the crime. The notes do not provide for the giving of the second paragraph as a separate instruction. The second paragraph of MAI-CR 2.10 as an independent instruction does not come within the category of instructions that must be given though not requested. See the discussion in *State v. Flynn,* 541 S.W.2d 344, Mo.App.St.L.Dist., 1976.

Under a factual situation similar in effect to that present here, an instruction having the same import as the instruction under discussion here was offered by defendant.[2] In that case it was held that the trial court was not required to give a "theory of innocence instruction" even though requested. In *State v. Broomfield,* 510 S.W.2d 843, 846 (Mo.App.1974) this court quoting from *State v. Banks,* 491 S.W.2d 247 (Mo.1973) said:

> "A defense bottomed on evidence an accused had nothing whatever to do with the crime charged does not come within the connotation of the 'theory of innocence' principle . . ."

■ The court was not required to give the instruction patterned after the second paragraph of MAI-CR 2.10.

Note 4 on the use of MAI-CR 2.10 provides that it is not error to fail to give that instruction, "even if there is substantial evidence that defendant was a joint, active participant or actor so long as there is no evidence that he was only an aider or encourager." The State's theory of the case supported by three witnesses was that defendant alone shot and killed the victim. The defense was that the defendant had nothing to do with the killing; that the shot was fired by Johnny Boy, without the aid or encouragement of defendant. There was no evidence that defendant was an aider or encourager. Neither MAI-CR 2.10 nor any part of it was required to be given.

■ The defendant next contends that "the court erred in refusing to grant counsel's timely request for a mistrial after the prosecutor asked the defendant if he had asked two witnesses to commit perjury in depositions taken on defendant's behalf, for the reason that there was no foundation or evidence to sustain said question and that it was improper and highly prejudicial."

On direct examination defendant denied that he was involved in any altercation with Mr. Muse and that he did not shoot Muse. He testified that Muse was shot and killed by Johnny Boy who had taken defendant's gun from him.

On cross-examination it was established that defendant knew Gloria Knight and Sharron Carroll. Defendant also testified that he did not see them outside the club in the vicinity of the shooting. The court sustained defendant's objection when the State asked if the two women had testified on defendant's behalf in a deposition. The State then asked the following question:

> "Q. (By Mr. Callahan) Isn't it a fact, Mr. Moore, that you asked Gloria Knight and Sharron Carroll to commit perjury for you in this trial by taking those depositions?"

The defendant objected and asked that the jury be instructed to disregard the statement. He also asked the court to de-

(The presence of a person at or near the scene of an offense at the time it was (committed) (attempted) is alone not sufficient to make him responsible therefor, although his presence may be considered together with all of the evidence in determining his guilt or innocence.)"

2. " 'The mere presence of a person at the time and place of the commission of an offense is not alone sufficient to render him liable for its commission. Unless you find and believe from the evidence beyond a reasonable doubt that an offense was committed as submitted in Instruction No. _____ and that the defendant was present at or near the scene of the offense, and that he knew of the unlawful purpose of the persons who actually committed an offense, and that he then and there intentionally aided, abetted, assisted or encouraged such other persons, you must find the defendant not guilty.' "

clare a mistrial. In a discussion at the bench the State advised the court that it had "sworn testimony to back up the question." The court sustained the objection and admonished the jury to disregard the question and not to take it into consideration in their deliberations. The court declined to declare a mistrial.

In this case it cannot be said that this question was asked by the prosecutor in bad faith. The prosecutor assured the court that he had sworn testimony to support his inquiry. On rebuttal he attempted to produce Sharron Carroll, a witness, who had given a deposition on behalf of defendant, in which she testified that she saw Johnny Boy shoot Muse. She would further testify that she had not, in fact, witnessed the shooting but had been told by defendant what she should say on the deposition. We cannot say that the court would have been in error if it had not sustained the objection. Defendant on direct examination denied that he shot Muse. The evidence offered was that defendant attempted to fabricate evidence that would support his defense. An attempt to suborn perjury has been said to be an admission of guilt. *State v. Christian*, 245 S.W.2d 895, 898[3] (Mo. 1952). A defendant who testifies on his own behalf may be impeached upon cross-examination as any other witness. § 546.-260. *State v. Byrth*, 395 S.W.2d 133, 135[4] (Mo.1965). It follows that when defendant testified that he did not shoot Muse but that Johnny Boy did the shooting, evidence that defendant attempted to suborn perjury in support of his testimony constitutes direct contradiction of his examination in chief and is admissible to impeach him. There can be no error in not declaring a mistrial where the inquiry stricken would have been proper.

■ Defendant's next point relied on is: "The Court erred in refusing to declare a mistrial after the prosecutor asked numerous questions of appellant outside the scope of his direct testimony because said questions—although objections thereto were sustained—had a cumulative prejudicial effect."

This issue was not presented to and ruled upon in the trial or in the motion for new trial. Paragraph 11 of the motion for new trial does not raise the same issue.[3] This issue is not before us for our review. *State v. Davis*, 482 S.W.2d 486, 489[6–8] (Mo. 1972).

■ Detective Edward DeVere testified that he arrested defendant on September 15, 1973, about ten months after the shooting. Over the objection of defendant the State was permitted to ask where defendant was placed in custody to which the witness answered, "Greenville, Mississippi." The defendant contends that this was error because there was no foundation for showing flight nor any evidence that defendant fled to avoid arrest.

It is conceded that evidence of flight is admissible as indicating consciousness of guilt, *State v. Rutledge*, 524 S.W.2d 449, 458[14] (Mo.App.1975).

There is substantial evidence that immediately after the shooting defendant fled the scene. The jury could infer from this that defendant's purpose in fleeing after shooting Muse was to avoid arrest. The fact that defendant was subsequently taken into custody in Mississippi would under the circumstances, permit the inference that his presence in another jurisdiction was in furtherance of his purpose, fleeing the scene of the crime. Defendant, who took the stand, had the right to refute any incriminating inferences that might arise from that evidence. *State v. Craft*, 344 Mo. 269, 126 S.W.2d 177, 180[8–9] (Mo.1939). The flight commenced when defendant fled the scene of the crime and continued to his arrest. It is also permissible to show the circumstances of the arrest which would include the place of arrest. *State v. Davis*, 530 S.W.2d 709, 713 (Mo.App.1975).

3. "11. The Court erred in overruling defendant's timely objections to the persistent questioning by the State of the defendant while a witness on his own behalf on matters outside the scope of the defendant's direct testimony and by failing to admonish counsel for the State."

Defendant's final contention centers around the following question asked Detective DeVere and his answer:

"Q. And, after so doing [placing defendant in custody] did you advise him of his rights?

A. Yes, sir, I did."

Defendant argues that the testimony constituted a comment upon appellant's exercise of his right to remain silent. The very issue raised here, was ruled adversely to defendant's contention by this court in *State v. Langeneckert*, 532 S.W.2d 477 (Mo. App.1975). See also the decision on the same issue in *State v. Cheatum*, 520 S.W.2d 695, 697 (Mo.App.1975).

Finding no error the judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.