James R. **MANLEY**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 12859.

United States Court of Appeals
Sixth Circuit.

Nov. 8, 1956.

Gerald P. Openlander, Toledo, Ohio, for appellant.

Clarence M. Condon, Toledo, Ohio, for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

The appellant, former postmaster at Holland, Ohio, was found guilty under the second count of an information charging him with knowingly and wilfully making a false, fictitious and fraudulent statement on a post office form in which he reported officially a burglary of that post office, "whereas in fact such statement was not a full and complete report." The section of the United States Code charged in that count to have been violated is section 1001, Title 18.

Appellant was convicted also upon the third count of the information, which charged violation again of section 1001, Title 18, U.S.C.A., in that appellant, being acting postmaster, knowingly and wilfully concealed material facts from the postal officers who investigated the post office safe robbery which occurred on or about April 18, 1955.

Appellant was acquitted by jury verdict of violation of section 1711, Title 18, U.S.C.A., as averred in the fourth count of the information. This count charged that appellant, being acting postmaster, converted to his own use money, in the approximate amount of $2,959.42, coming into his hands in the execution of his office.

Upon the entire record in the case, the acquittal on count four was inconsistent with conviction on counts two and three. This alone would not justify reversal. But, when an obviously inconsistent verdict as to different counts of an indictment or information is returned by the jury, both the trial court and the reviewing court should be extraordinarily careful to scrutinize the record for the ascertainment of any prejudicial error.

Upon consideration of the record here, we find error which, in the circumstances of the case, would seem to be of a prejudicial character. The United States Attorney was pursuing a legitimate cross-examination of appellant as to his various employments prior to his appointment as postmaster. In doing so, he developed a reluctance on the part of appellant to testify concerning his employment with the Coca Cola Company. Appellant was asked why he happened to leave Coca Cola. He responded that he had been "fired." His attorney objected to the question, but was overruled by the court. Appellant stated that he had been "fired" for two reasons: first, the discontinuance of the use of cartons for Coca Cola when he had been operating a "cartons route"; and second, as stated by him: "I was short in my account." Appellant's attorney moved to strike the answer, but was overruled by the district judge with the statement that the answer would be considered by the jury only as going to the credibility of the witness.

It is well settled that it is not permissible for the government to show that a defendant has been accused of, arrested for, or indicted for a crime. Only a previous *conviction* for crime is admissible, under appropriate circumstances.

The United States Court of Appeals for the Eighth Circuit has ruled that acts of misconduct not resulting in conviction of a crime are not the proper subject of cross-examination to impeach a witness. Little v. United States, 8 Cir., 93 F.2d 401, 408; Echert v. United States, 8 Cir., 188 F.2d 336, 26 A.L.R.2d 752. Numerous other cases recognizing the same principle could be cited.

The judgment is reversed; and the case is remanded to the district court for re-trial.