**STATE of Missouri, Respondent,**

v.

**William Carroll KELLEY, Appellant.**

No. 53896.

Supreme Court of Missouri,
Division No. 1.

July 14, 1969.

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

Vincent M. Igoe, St. Louis, for appellant.

HENLEY, Judge.

William Carroll Kelley (hereinafter defendant) appeals from a judgment sentencing him under the Habitual Criminal Act [1] to the custody of the Department of Corrections for a term of three years on his conviction by a jury of operating a motor vehicle without the permission of the owner thereof. Sections 560.175 and 560.-180, RSMo 1959, V.A.M.S.

Donald Agnew was the owner of a 1959 model Chevrolet Impala. On Saturday night, December 9, 1967, he parked this automobile near 2753 Biddle in the City of St. Louis. Later that night he returned to get his automobile and it was gone. He did not give defendant, or anyone else, permission to drive the automobile. He immediately reported these facts to the police department. The automobile was recovered by the police about the middle of the next afternoon while being driven by defendant. Lester Carl Jackson, one of defendant's witnesses, and two women were also occupants of the automobile when defendant was stopped and arrested. The arresting officers testified that defendant turned-off the motor by inserting a screwdriver in the ignition; that defendant stated to them at the time of his arrest that the automobile was not his; that later, at the police station, he said it belonged to a friend named Charlie.

Defendant did not testify. He produced two witnesses, Grover Cleveland McKinney, Jr., and Jackson, each of whom admitted he previously had been convicted of felonies. They testified that the automobile was lent to defendant on December 10 by a man identified only as "Fat Billy"

who claimed to own it; [2] that "Fat Billy" told defendant it was his car and gave him permission to use it to help one of the women "house hunt"; that the ignition on the car was "out" when lent to defendant and the only way in which the motor could be started was by use of a screwdriver.

■ Defendant's first point on appeal is that instruction 1, the verdict-directing instruction, was erroneous because it failed to cover all the law of the case in that it failed to submit the defense that his operation of the automobile was with the honest belief that he had permission to do so from a person he in good faith believed to be the owner and, therefore, he was without criminal intent. He cites State v. Tate, Mo., 436 S.W.2d 716, which holds it is reversible error to fail so to instruct where the evidence supports submission of that defense. The point is not preserved for review, because not presented in his motion for new trial. State v. Gooch, Mo., 420 S.W.2d 283, 287 [9].

■■ Defendant concedes the point is not preserved for review, but he urges the court to consider it, because, he asserts, it is plain error affecting substantial rights. Criminal Rule 27.20(c), V.A.M.R. Assuming that he did borrow the car from "Fat Billy" and that the latter claimed to own it, as stated by his witnesses, there is not sufficient evidence to support a submission that defendant believed this person owned the automobile. He did not so testify; nor did his witnesses. Furthermore, assuming the evidence was sufficient to support this submission, defendant does not assert, nor does he attempt to demonstrate, that error in failing so to instruct has produced manifest injustice or a miscarriage of justice. Again, assuming error in failing so to instruct, we do not, after reviewing the record, deem that manifest injustice or a mis-

1. Section 556.280, RSMo 1959, V.A.M.S.

2. We note that this testimony conflicts with defendant's statement to the officers that the automobile belonged to a friend named Charlie.

carriage of justice could have resulted therefrom in this case.

Defendant's next two points are that the court erred (1) in allowing the state to show defendant's witnesses were confined in jail at the time of the trial, and (2) in not allowing those witnesses to testify as to the circumstances in which the automobile came into defendant's possession.

 As to the second of these two points, the court properly excluded as hearsay statements allegedly made by "Fat Billy" to the witnesses that he owned the automobile. The court properly sustained an objection to the form of a question inquiring "under what circumstances" defendant received the automobile. However, the witnesses were thereafter permitted to testify as to what they heard "Fat Billy" say to defendant about his ownership of the automobile and, in detail, the circumstances under which defendant acquired possession. This point is ruled against defendant.

The court did not err in permitting the state to show these witnesses were in jail at the time of trial. This evidence was elicited not as an attack upon their credibility by the mere fact that they were in jail at the time, but for the purpose of showing (as bearing upon their credibility) that the witnesses were available to defendant in the same building the night before trial where they could, and did, discuss what the witnesses' testimony would be the next day in aid of defendant's defense.

Defendant's last point is that the court erred in failing to give a cautionary instruction that the prior felony convictions of defendant's witnesses are to be considered only in determining the weight to be given their testimony and not the guilt or innocence of defendant. This instruction on a collateral matter was not offered or requested by defendant; therefore, the court was not required to give it.

State v. Meller, Mo., 382 S.W.2d 671, 674 [3]; Criminal Rule 26.02(6), V.A.M.R.

The judgment is affirmed.

STORCKMAN, J., concurs.

SEILER, P. J., concurs in result.

HOLMAN, J., not sitting when cause was submitted.

