**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Harry Dean CISSNA, Defendant-Appellant.**

No. 35308.

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 4, 1974.

Zenge & Smith, Canton, for defendant-appellant.

Ronald R. McKenzie, Pros. Atty., Dennis R. Davidson, Asst. Pros. Atty., Hannibal, for plaintiff-respondent.

GUNN, Judge.

Defendant-appellant was found guilty by a jury of driving while intoxicated and fined one hundred dollars. No challenge

has been made to the sufficiency of the evidence to support the conviction. Therefore, the facts may be briefly stated.

Defendant was stopped by a Missouri State Highway Patrol trooper after being observed driving in the wrong lane and driving on the shoulders of the road. Two local law enforcement officers were called to the scene, and the cumulative testimony of the trooper and two police officers was that defendant appeared to be "unstable," "he staggered," his speech seemed affected and his breath smelled of alcohol. Each of the three law officers was of the opinion that defendant was intoxicated.

Defendant raises two alleged points of error, the first being that he was unduly prejudiced by a question asked during the trial by the prosecutor. On cross-examination of defendant, the prosecutor asked the following regarding the route traveled by defendant immediately prior to his arrest:

"Q. (Prosecuting Attorney) You went over the South River Bridge, is that right?

A. (Defendant) That's right.

Q. That's where this boy was killed at out there, is that right?"

■ Defendant's attorney objected to the question and requested the judge to instruct the jury to disregard the question. The objection was sustained and the jury instructed to disregard the question. Now, on appeal, defendant asks that the judgment be reversed and a mistrial granted because of the prejudicial effect of the question. We reject his request for a new trial. Defendant was granted all the relief he requested of the trial court. He made no motion for mistrial and let the matter stand on the sustaining of his objection. He may not now complain. State v. Allen, 429 S.W.2d 697 (Mo.1968); State v.

Thomas, 360 S.W.2d 694 (Mo.1962). See also, State v. Jefferson, 426 S.W.2d 41 (Mo.1968).

■ Defendant's other contention relates to a brief discussion between the trial judge and the jury. During his closing argument, defendant's counsel made reference to the possibility that a finding of guilt might result in the taking of defendant's driver's license. After the jury retired to deliberate the verdict, it requested permission to make an inquiry of the court. In open court, the foreman asked if the jury was correct in its understanding that the status of defendant's driver's license was not to be considered, and the foreman was advised that the jury was correct in its understanding. Defendant asserts that the communication between the court and jury was improper, citing State v. Beedle, 180 S.W. 888 (Mo.1915). Defendant also argues that a mistrial should have been declared as the jury was obviously confused. We are not convinced by defendant's argument. State v. Beedle, supra, is not apt, for the communication there referred to was not made in open court, where here it was. Further, it was not error for the trial court to respond to the jury's inquiry, particularly as it was defendant's counsel who initially interjected the issue concerning the driver's license. The jury was not misled nor the defendant prejudiced by the trial court's correct statement of law in response to the jury's inquiry. See State v. Hirsack, 465 S.W.2d 543 (Mo.1971); State v. Davis, 462 S.W.2d 798 (Mo.1971); State v. Duisen, 428 S.W.2d 169 (Mo. banc 1967), cert. denied 390 U.S. 962, 88 S.Ct. 1063, 19 L.Ed.2d 1159 (1968).

The judgment is affirmed.

SMITH, P. J., and CLEMENS and McMILLIAN, JJ., concur.