**STATE of Missouri, Respondent,**

v.

**Glenn R. AMERSON, Appellant.**

**No. 58118.**

Supreme Court of Missouri,
Division No. 2.

Jan. 13, 1975.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

Bell, Wilson, Fullwood & Harris by James A. Bell and Allen I. Harris, St. Louis, for defendant-appellant.

HOUSER, Commissioner.

A two-count indictment charged Glenn R. Amerson with the first degree murder of Ira Rankins and assault with intent to kill James Johnson, with malice. Defendant appeals, following his conviction on the murder charge and sentence by a jury to life imprisonment. The jury acquitted defendant of the assault charge. This Court has jurisdiction under its order of April 9, 1973.

From the testimony introduced on behalf of the State the jury could find the following facts: At 2:45 a. m. on August 7, 1971 Ira Rankins and his wife Joyce, James Johnson and Dexter Dozier were sitting on the concrete pad in front of 1416 Peabody Court in St. Louis. Two black males approached. One of them asked who owned a brown 1967 Chevrolet parked on 14th Street. Ira Rankins said he owned the car. The other man, later identified as defendant, pulled a sawed-off shotgun from

under his T-shirt and at a distance of 15 feet fired it at Ira Rankins, striking him in the chest, inflicting wounds from which he died. Three seconds after firing the first shot defendant fired a second shot, which struck James Johnson in the foot. Prior to the firing of the shots the four persons sitting on the concrete pad were not holding anything in their hands. None of them made any movement toward the two men, or any movement indicating that they were picking up something in their hands or taking something from their persons. They made no statement other than Ira Rankins' statement that he owned the Chevrolet. Neither of the two men who approached the group said anything other than the inquiry as to the ownership of the car. All of the State's evidence indicated that this was an unprovoked attack by defendant.

Defendant took the stand, testified to an alibi; claimed that at the time he was elsewhere, some distance from the scene of the crime, playing cards. Two witnesses corroborated the alibi. Kevin Dean, half-brother of defendant, testified that he fired the two shots. His recital of what happened disclosed a case of self-defense; that he aimed the first shot at "the guy that was reaching for the gun"; that he did not aim the second shot,—he "just shot." Kevin Dean's presence at the scene of the shooting was corroborated by defense witness Michelle Golden, who testified that she saw Dean do the shooting and did not see defendant "anywhere around there." Defense witness Bernice Aldridge placed Dean at the scene of the crime. She did not see defendant there at the time. Irma Wilburn, grandmother of both Kevin Dean and Glenn Amerson, testified that she was awakened by the first shot; that she looked out her window and saw Dean present at the scene of the crime; that she saw Dean, not Glenn, fire the second shot. Her only testimony with respect to defendant was that she saw him

later at 6 o'clock that morning, when police took defendant into custody.

■ Appellant's first point argues the weight of the evidence. The motion for new trial alleged that the finding of guilt was against the weight of the evidence. This assignment of error is not sufficient to preserve anything for appellate review. State v. Williams, 423 S.W.2d 736 (Mo. 1968); State v. Caldwell, 434 S.W.2d 571 (Mo.1968). Apropos is the following: "The weight of the evidence may be considered by the trial court in ruling on the motion for new trial, but it is not a matter reviewable by an appellate court. State v. Hodge, Mo., 399 S.W.2d 65. This court determines only whether there was substantial evidence to support the verdict, and there obviously was." State v. Morgan, 453 S.W.2d 932, 934 (Mo.1970); State v. Talbert, 454 S.W.2d 1 (Mo.1970).

■ The point that the court erred in not giving a credibility instruction is disallowed for four reasons. First, the court did give a credibility instruction to the jury, as follows: "No statement, ruling, remark or instruction about the law that I make during the trial is intended to indicate my opinion of what the facts are. It is your duty and not mine to determine believability of the witnesses and the evidence, the reasonable inferences to be drawn from the evidence, and the weight and value of the evidence and the reasonable inferences drawn therefrom. It is your duty and not mine to determine what the facts are and to decide the case. In doing this you must not indulge in guesswork or speculation, but, rather, will be governed by the evidence and the reasonable inferences arising from it." This instruction was given at the outset of the trial; not at the close of the evidence with the other instructions. This instruction, although not full and complete, did give the jury important guidelines on the subject of credibility.[1] Second, no such instruction

---

1. MAI–CR 2.01, which is now required to be read to the jury immediately after the jury is sworn, and not reread at the conclusion of the evidence, contains a rescript of the

was offered or requested by defendant. Third, a credibility instruction was not a part of the law of the case at the time this trial occurred, and was not required to be given on the court's own motion. State v. Kelley, 442 S.W.2d 539 (Mo.1969); State v. Hester, 331 S.W.2d 535 (Mo.1960); State v. Drake, 298 S.W.2d 374 (Mo.1957); State v. Shuls, 329 Mo. 245, 44 S.W.2d 94 (1931). Fourth, since the giving of a credibility instruction was a matter within the sound discretion of the trial court, State v. Nelson, 459 S.W.2d 327 (Mo. 1970); State v. Wolfskill, 421 S.W.2d 193 (Mo.1967), it was *a fortiori* discretionary whether the court, having given a credibility instruction at the commencement of the trial, should give another and more elaborate instruction on the subject at the end of the trial. In view of the sharp conflict in the evidence it would have been entirely appropriate, State v. Turner, 320 S.W.2d 579 (Mo.1959), to have done so, but under the law in effect at the time of trial we find no abuse of discretion in the failure of the court to act on its own motion in this regard.[2]

There was no error in giving Instruction No. 6, which follows:

"The defendant is presumed to be innocent.

"The fact that the defendant has been charged with two offenses is not evidence against him. It creates no inference that any offense was committed or that the defendant is guilty.

"The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, as to each offense charged."

Appellant complains that No. 6 differs "from the old long form burden of proof

and reasonable doubt instruction that has for many years been given in the St. Louis area"; is different from presently required MAI–CR 2.20, and that further guidelines as to what constitutes reasonable doubt were required. The suggested differences do not condemn No. 6. It briefly states the essentials. That No. 6 contains no definition of the term "reasonable doubt" does not condemn it. A definition of reasonable doubt is not required. State v. Lafferty, 416 S.W.2d 157, 161 [6, 7] (Mo.1967); State v. Taylor, 486 S.W.2d 239, 244 [10] (Mo.1972). 9A Mo.Dig., Criminal Law, ▮▮▮▮ See The Missouri Bar Committee Comments on MAI–CR, Reasonable Doubt III., by Judge Orville Richardson.

Appellant claims that the conviction should be reversed because of inconsistency in the verdicts (convicting appellant of murder and acquitting him of assault when the "two shots were fired in rapid fire sequence and * * * no defense existed to one that did not exist as to the other"). In the first place, there is no inconsistency. "When a defendant is charged with committing two criminal offenses that involve different elements, a jury may find him guilty of one crime and acquit on the other charge. State v. Burns, 263 Mo. 593, 173 S.W. 1070." State v. Thomas, 452 S.W.2d 160, 164 [11] (Mo. 1970). The elements of first degree murder stated in § 559.010, RSMo 1969, V.A. M.S., are different from the elements of assault with intent to kill with malice stated in § 559.180, RSMo 1969, V.A.M.S. These two statutes define two separate crimes. Here two crimes were charged to have been inflicted upon two different persons, by discharging two separate shots. It is an altogether different situation from that found in State v. Parsons, 513 S.W.2d 430 (Mo.1974), where there was but a sin-

---

above, plus a further reference to the manner of a witness while testifying, opportunity to observe interest, bias, etc., but the requirement that MAI–CR 2.01 be given whether requested or not did not become effective until January 1, 1974, sometime after the trial of this case.

2. Under the law now in effect the only permissible credibility instruction is MAI–CR 2.01. See Notes on Use, MAI–CR 2.01, 2.02.

gle crime. The instant situation justified a conviction on one charge and an acquittal on the other. In the second place, if it be considered that there is an inconsistency, such inconsistency does not require reversal of the judgment of conviction. See numerous cases cited in 9A Mo.Dig., Criminal Law, ■■■■■ Canaday v. United States, 354 F.2d 849 (8th Cir. 1966); Dunn v. United States, 284 U.S. 390, 52 S. Ct. 189, 76 L.Ed. 356 (1932). The only authority cited by appellant, Manley v. United States, 238 F.2d 221 (6th Cir. 1956), concedes that inconsistency between an acquittal on one count and conviction on two other counts "alone would not justify reversal," but cautions that an obvious inconsistency requires both the trial and reviewing court to "be extraordinarily careful to scrutinize the record for the ascertainment of any prejudicial error." 238 F.2d 1. c. 222.

■ The court did not err in refusing to instruct on second degree murder and homicide. This was either a cold-blooded and wholly unprovoked murder, in the manner clearly detailed by the State's witnesses, or else the accused was guilty of no crime at all and was wholly innocent because another committed the act, as testified to by accused and his witnesses. It was all or nothing, with not a scintilla of evidence authorizing a finding in between. As far as homicide is concerned the only submissible issue of guilt was first degree murder. There was no error in refusing to give instructions on any lesser degree of homicide. State v. Terry, 472 S.W.2d 426 (Mo. banc 1971).[3]

■ Finally, appellant asserts reversible error in permitting the special assistant circuit attorney during final argument to the jury to "personalize as to defense counsel" and argue that defense counsel had been "duped." In his closing argument to the jury Mr. Bell, counsel for defendant, argued that Mr. Fredericks, special assistant circuit attorney, was asking the jury to send a man to the penitentiary who was innocent; who had done nothing. Mr. Fredericks protested that he had never in his life tried to send any man to the penitentiary who was innocent. The court sustained the objection. Thereafter in final argument Mr. Fredericks stated that Mr. Bell had injected his own personal opinion into the trial several times; that he had not objected; that " * * * if Mr. Bell really thinks this little switcharoo happened then he has been duped * * *." The court ruled this a permissible reply argument. Mr. Fredericks then argued that "they needed a quarterback, and they got it in this man, in Mr. Bell * * *." The court ruled this improper. Mr. Fredericks then asked how Mr. Bell could give his opinion unless "he has been duped by this evidence or he had been a part * * *." Defendant's objection was sustained. When Mr. Fredericks, referring to Mr. Bell, asked "How gullible does he think we really are?", Mr. Bell stated that he was not on trial and objected "to Mr. Fredericks making vicious statements—I wasn't there, I didn't do the shooting." This objection was overruled.

We have been provided with a full transcript of the entire arguments of both lawyers and have considered the point not only in connection with the above recited excerpts but also in the light of the entire record. In those instances in which the court ruled in defendant's favor no other or further relief was sought, such as a motion to strike, motion to instruct the jury to disregard, request that counsel be admonished, etc. We find no error in the court's rulings. Under all the circum-

3. Attention is called to the fact that by Court order of January 13, 1975 MAI–CR 6.02, 6.06 and 6.08, and Notes on Use thereunder, were amended, effective March 1, 1975, to provide that when the pleadings and evidence support submission of a charge of first degree murder and MAI–CR 6.02 is given, it is *mandatory* that MAI–CR 6.06 and 6.08 also be given.

stances we are not persuaded that the statements ruled improper have infected this verdict to the prejudice of appellant.

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the judges concur.