STATE of Missouri, Plaintiff-Respondent,

v.

Charles Earl PORTER,
Defendant-Appellant.

No. 36181.

Missouri Court of Appeals,
St. Louis District,
Division Three.

June 1, 1976.

Motion for Rehearing or Transfer Court
En Banc Denied July 9, 1976.

Bell, Harris & Kirksey, James A. Bell, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Nanette Laughrey, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James J. Barta, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals his conviction for first degree murder. On appeal, the defendant contends that the trial court committed prejudicial error: 1) in failing to declare a mistrial after the prosecutor allegedly injected the issue of narcotics into the case during cross-examination of two defense witnesses; 2) in limiting defendant's counsel's scope of inquiry into the circumstances surrounding and consequences of prior convictions of a State's witness; 3) in failing to submit a manslaughter instruction to the jury. We find no prejudicial error and affirm the judgment.

On September 12, 1973, Willie Bailey was shot in the head and died as a result of a bullet wound in the brain. A $75 debt owed by Willie Bailey to defendant apparently was the basis for the feral attack on the decedent. On the date of his death, Willie Bailey had loaned his automobile to his nephew by marriage, Fred Washington.[1] While Fred Washington was driving about

---

1. Fred Washington had the facility of changing his name as the purpose suited and was known by several aliases.

North St. Louis in Willie Bailey's car, the defendant stopped Washington, entered the car, displayed a sawed-off shotgun and demanded the keys to the car. According to Washington:

> "Mr. Porter [defendant] told me he was taking the car because Mr. Bailey owed him some money for something and Mr. Bailey would get the car back when he gave Mr. Porter the money."

Washington reported the incident to Willie Bailey. During the day and evening of September 12, Willie Bailey and Washington met with the defendant on three occasions to adjure for the return of Willie Bailey's car, and on each occasion, the defendant was bellicose, one time threatening to kill Bailey if he did not leave and another time portending death for Bailey if he attempted to retrieve the automobile. In each instance Bailey and Washington left peacefully, their supplications for the return of the automobile having been futile. Late in the evening of September 12, Willie Bailey, accompanied by his brother Robert, sought to make another plea for the return of the car. This time, Willie Bailey took a bundle of his clothes with him to be used as tender for the debt owed defendant. Robert Bailey, who was the only witness to the final meeting between Willie Bailey and defendant, testified that Willie made the offer of the clothing in exchange for the cancellation of the debt; that the defendant spurned the offer, became truculent, displayed a pistol and shot Willie Bailey in the head. There was no evidence of any hostile action or gesture made by Willie Bailey toward defendant—not even a strident word.

The defendant's defense was an alibi that he was elsewhere at the time of the killing.

■ The defendant's first point of alleged error on appeal relates to alleged error occurring during cross-examination of the defendant's alibi witnesses. During the cross-examination the prosecutor asked one witness whether he was a "business associate" of the defendant. Another defense witness was asked by the prosecutor whether he was under the influence of narcotics. The defendant contends that both questions injected the issue of narcotics into the case.[2] Assuming arguendo that the inquiry of the prosecutor did plant the nasty seed of narcotics into the case and associated it with defendant, we find no cause for reversing the judgment. Immediately after each question was asked—and only two questions were asked—defendant's counsel objected. The trial court sustained each objection and instructed the jury to disregard the questions of the prosecutor. No further relief was sought. Defendant now argues that a mistrial should have been declared.

We first observe that defendant's trial counsel is very experienced in criminal defense law and adroit in the protection of his client's interests. His abilities were skillfully displayed on behalf of the defendant in this case. Mistrial is a drastic remedy to be sparingly applied and only when the prejudicial effect occurring in a trial cannot otherwise be cured. Whether it is to be applied is a matter resting largely within the discretion of the trial court. *Kansas City v. LaRose*, 524 S.W.2d 112 (Mo. banc 1975); *State v. Williams*, 525 S.W.2d 395 (Mo.App.1975). In this case, defendant's objection was sustained and the jury instructed to disregard the question. Defendant obtained all the relief he sought. There was no request for mistrial, and the defendant may not now complain that he should have been given the further relief of mistrial. *State v. Cissna*, 510 S.W.2d 780 (Mo. App.1974). There is no basis for finding that there was an abuse of the trial court's discretion in failing to declare a mistrial sua sponte. *Kansas City v. LaRose*, supra.

■ Defendant's second point of alleged error relates to strictures placed on the scope of cross-examination concerning previous convictions of State's witness, Fred Washington. Washington, who at the time of trial was a resident of the Missouri

---

**2.** We note that defendant's counsel made extensive inquiry into the matter of the use of narcotics by certain State witnesses.

Training Center for Men at Moberly for a 1973 robbery, was quizzed by defendant's counsel regarding a 1971 robbery. Defendant's counsel inquired whether Washington had been convicted of a robbery in 1971, and Washington readily admitted that he had. Washington was also asked how much time he had received for the 1971 robbery, to which he answered, "none." But after the answer, the prosecutor objected to the question regarding the amount of time, and the court sustained the objection and instructed the jury to "disregard the amount of time out of the 1971 robbery." Also, without specifying whether he was referring to the 1971 or 1973 charge, defendant's counsel asked whether Washington had fled to avoid imprisonment after pleading guilty to robbery. Objection to such line of inquiry was made by the prosecutor and sustained. The defendant argues that he should have been permitted to explore in detail the amount of prison time received by Washington for the 1971 robbery conviction and the circumstances surrounding a guilty plea for robbery.

Defendant's argument is without merit. As stated in *State v. Williams*, 492 S.W.2d 1, 4 (Mo.App.1973):

> "[T]he scope of cross-examination and the determination of which matters may bear on a witness' credibility are largely within the discretion of the trial court."

Witness Washington without any equivocation readily admitted his prior convictions. Thus, the purpose of impeaching his credibility by reference to prior convictions was accomplished and no further purpose could be gained by dwelling on matters corollary to the admissions of the convictions. *Hoover v. Denton*, 335 S.W.2d 46 (Mo.1960). Since it is desirable to eschew any retrial of a former case resulting in a conviction or the evidence or circumstances surrounding a former conviction when such conviction is unequivocally admitted the trial court did not abuse its discretion in foreclosing further cross-examination of the facts surrounding witness Washington's prior convictions. *State v. Lee*, 536 S.W.2d 198 (Mo. App.1976).

■ Defendant argues that since the comments under MAI–CR 5.40 permit inquiry into a defendant's flight to avoid prosecution, examination into whether Washington had fled to avoid capture for a crime for which he was convicted should have been permitted. Defendant's argument in this regard is spurious and irrelevant, for the purpose of inquiry into a flight from prosecution bears only on the issue of a defendant's guilt. But here the witness readily admitted his guilt, and any evidence of Washington's flight to avoid incarceration after his admission of guilt in open court could have no bearing on the issue of his credibility.

■ Finally, defendant argues that the trial court erred in failing to submit a manslaughter instruction. Defendant directs attention to *State v. Amerson*, 518 S.W.2d 29 (Mo.1975), and contends when a MAI–CR 6.02 (murder first degree) instruction is given, it is mandatory that MAI–CR 6.06 (murder second degree) and 6.08 (manslaughter) also be given. But the automatic submission of a manslaughter instruction is not required in homicide cases tried prior to March 1, 1975, and this case was tried in February, 1974. There has been a recent flurry of cases, each consistent in holding that prior to March 1, 1975 the submission of a manslaughter instruction in a homicide case is not an automatic requirement. *State v. Mudgett*, 531 S.W.2d 275 (Mo. banc 1975); *State v. Stapleton*, 518 S.W.2d 292 (Mo. banc 1975); *State v. Trotter*, 536 S.W.2d 877 (Mo.App.1976); *State v. Harris*, 535 S.W.2d 145 (Mo.App.1976); *State v. Eiland*, 534 S.W.2d 814 (Mo.App.1976); *State v. Schulten*, 529 S.W.2d 432 (Mo. App.1975). Prior to March 1, 1975, where there was an utter lack of evidence on which to base a manslaughter instruction, such an instruction was not required. *State v. Ayers*, 470 S.W.2d 534 (Mo. banc 1971); *State v. Amerson*, supra. As stated in *State v. Anderson*, 515 S.W.2d 534, 537 (Mo. banc 1974):

> "If, as a matter of law, the court can declare that there is an entire absence of evidence upon which to support a verdict

of guilty of a particular offense (whether it be murder in the first degree, murder in the second degree, or *manslaughter*), the court should *not* instruct thereon." (emphasis added)

The evidence in this case is that on September 12, 1973 the defendant at least twice threatened to kill Willie Bailey. In the evening he made good his threat by shooting Mr. Bailey in the head. The record is empty of evidence of provocation to support an instruction on manslaughter. *State v. Mudgett,* supra; *State v. Harris,* supra; *State v. Eiland,* supra; *State v. Schulten,* supra. The only evidence as to how Willie Bailey was killed was that as he stood talking to the defendant, the defendant displayed a pistol and deliberately shot Mr. Bailey in the head. There is no evidence that Mr. Bailey did anything to invoke or provoke the fatal assault, and we find as a matter of law that there is an entire absence of evidence upon which to rest a verdict of manslaughter. The trial court did not, therefore, err in failing to instruct on manslaughter. *State v. Mudgett,* supra; *State v. Ayers,* supra.

The judgment is affirmed.

SIMEONE, P. J., and KELLY, J., concur.