STATE of Missouri,
Plaintiff-Respondent,

v.

Curtis Lee WILLIAMS,
Defendant-Appellant.

No. 62579.

Supreme Court of Missouri,
Division No. 2.

Nov. 19, 1981.

Macarthur Moten and Sheryl Johnson, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

JAMES K. PREWITT, Special Judge.

Defendant appeals from one conviction of second degree murder and two convictions of first degree assault. He was sentenced to life imprisonment for the murder conviction, with that sentence to run concurrently with two consecutive thirty year terms on the assault convictions.

In his first point defendant contends that the jury verdict was "against the weight of the evidence and was not sufficient to sustain a verdict of guilty." The charges arose from a shooting incident which occurred in St. Louis at approximately 5:00 o'clock p. m. on July 6, 1979. There was evidence that defendant approached a van and started shooting at its occupants with a pistol. One occupant of the van was killed and two others were injured. Four persons who were at or near the scene identified defendant as the person who did the shooting. Defendant contends that the state failed to prove him guilty beyond a reasonable doubt since two witnesses were not credible because of their previous convictions and thus "four out of six witnesses for the State, used to identify and place defendant at the scene of the crime, failed to make positive identification."

Defendant's contention that the verdict was against the weight of the evidence is not reviewable here. *State v. Amerson*, 518 S.W.2d 29, 31 (Mo.1975). This court determines only whether there was substantial evidence to support the verdict. Id. In testing whether the evidence is sufficient, we consider the evidence and all favorable inferences in the light most favorable to the state and we disregard all evidence and inferences to the contrary. *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App.1979). The evidence here was sufficient for the jury to determine that defendant was guilty beyond a reasonable doubt. Point one is denied.

Defendant in his second point contends that the trial court erred "in allowing evidence of flight during state's closing argument in that the state was allowed to show the defendant arrested in Gary, Indiana after the shooting to the prejudice of defendant." Defendant's counsel objected to this portion of the state's closing argument:

"Detective Dodson testified that he took this man into custody at Crown Point near Gary, Indiana under an assumed name of Curtis Brown which indicates to you he is long gone out of St. Louis attempting to avoid prosecution."

Defendant claims that this argument was improper because there was no evidence that defendant left town to avoid prosecution of these charges. There was evidence that immediately after the shooting defendant ran from the scene. Efforts by the police to find him at his residence in St. Louis or in the St. Louis area failed. Dodson, the arresting officer, testified that when he talked to defendant in Indiana, defendant said his name was Curtis Brown.

Evidence of flight or concealment is generally admissible in a criminal proceeding. *State v. Cochran*, 366 S.W.2d 360, 362 (Mo. 1963); *State v. Lenza*, 582 S.W.2d 703, 710 (Mo.App.1979); cert. den. 444 U.S. 1021, 100 S.Ct. 678, 62 L.Ed.2d 652. See also *State v. Mabry*, 602 S.W.2d 1, 2 (Mo.App.1980); *State v. Franklin*, 591 S.W.2d 12, 15 (Mo. App.1979); 22A C.J.S. Criminal Law §§ 625(a)–625(b), pp. 460–468. Evidence that immediately after a shooting the defendant fled the scene and was taken into custody in another state permits the inference that he left the state in furtherance of his purpose to flee the scene of the crime. *State v. Moore*, 546 S.W.2d 10, 13 (Mo.App. 1976). A defendant's absence from an area he frequented, his inability to be found there, and his subsequent arrest in another state raised an inference of flight. *State v. Simon*, 534 S.W.2d 839, 841 (Mo.App.1976). See also *State v. Swinney*, 558 S.W.2d 363, 365 (Mo.App.1977). Giving a false name to an arresting officer is relevant to show consciousness of guilt; that this occurred sometime after the incident in question goes only to the weight and not to the admissibility of the evidence. *State v. Jones*, 575 S.W.2d 899, 901 (Mo.App.1978). See also *State v. Leonard*, 606 S.W.2d 403, 407 (Mo.App.1980); 22A C.J.S. Criminal Law § 627, p. 472. The prosecutor's comment was a permissible inference from the evidence. Point two is denied.

In his third point defendant claims that the trial court erred in not permitting his counsel to argue that the state did not find defendant's fingerprints on the side of the van. There was testimony from a police technician that he lifted some prints from the side of the truck, some of which the witness felt might be identifiable but they were not identified. There was testimony from several eye witnesses that the man who did the shooting had hold of the door of the van with his left hand while he was doing the shooting with the pistol in his right hand. In argument defense counsel made the statement "Now there was evidence that they took some fingerprints." At this point he was interrupted by an objection and following a bench conference out of hearing of the jury the court ruled that he could not comment about the fingerprints and the jury was instructed to disregard counsel's statement. Defense counsel thereupon resumed his argument, continuing as follows: "You can rest assured if some incriminating evidence was found on that truck that would connect defendant with that truck the State would show it to you. They didn't bring it in and show it to you." The net of all this is that defense counsel did get his point over to the jury and suffered no harm from the court's ruling. Point three is denied.

Defendant in his final point contends that the trial court erred in not granting a new trial because two of the state's witnesses committed perjury by testifying that they had not been convicted of stealing. During the trial the witnesses denied such a conviction. The only indication in the record that they had been convicted of stealing is in defendant's unverified motion for new trial and a statement by his counsel during argument on that motion. Statements of counsel are not evidence, *Davis v. City of Independence*, 404 S.W.2d 718, 720 (Mo. banc 1966), nor are assertions in a motion for new trial. *City of Hannibal v. Winchester*, 360 S.W.2d 371, 374 (Mo.App.1962). We cannot rule a point in favor of defendant when the facts on which the point is premised are not shown in the record. *State v. Bluitt*, 592 S.W.2d 752, 754 (Mo. banc 1980). Point four is denied.

The judgment is affirmed.

WELLIVER, P. J., and HIGGINS and SEILER, JJ., concur.