STATE of Missouri, Respondent,

v.

Everett BOYD, Appellant.

No. 47957.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 14, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Sept. 28, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Jane B. Phillips, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Chief Judge.

Defendant was convicted by a jury of robbery in the second degree, in violation of § 569.030, RSMo.1978. The court, finding defendant to be a persistent offender, sentenced him to 15 years imprisonment. Defendant appeals contending the court erred in allowing the arresting officer to testify to the victim's post arrest identification of the defendant and the stolen items. We affirm.

The evidence adduced by the state shows that the victim, Joseph Beck, left the Panama Lounge in St. Louis, Missouri, at approximately 1:30 a.m. on March 15, 1983. Beck was walking home after spending several hours at the lounge in the company of Johnny Powell and defendant. As Beck passed a vacant lot at Jefferson and Madison Streets, Powell and defendant accosted him. In the ensuing struggle, Beck was knocked to the ground and his keys, gloves, coat, hat, wallet, watch, and money were forcibly taken from him. Powell and defendant then fled the scene. A passing patrol car was flagged down by Beck and several eyewitnesses seconds after the robbery occurred. While Powell and defend-

ant were still in sight, Beck and the eyewitnesses pointed out the fleeing men to the police officers. The police officers gave chase, capturing them several blocks from the scene of the robbery. After defendant and Powell were placed under arrest, Beck was brought by the police to the arrest site where he identified the robbers and his stolen property.

At defendant's trial Beck, one eyewitness, and the two arresting officers testified for the state. In his testimony, Beck described in detail the circumstances of the robbery and identified defendant as one of his assailants. He also identified the recovered property as his, including a coat defendant was wearing when arrested and a pint whiskey bottle which was found in the pocket of that coat. The testimony of the eyewitness corroborated in full Beck's testimony. The eyewitness was also able to identify defendant as one of the robbers. He further testified that the coat recovered by the police officers was similar to the one taken from Beck in the robbery.

Officer Wilmering testified explaining the sequence of events beginning with the police officers initial observation of the defendant and Powell, culminating in their arrest and seizure of the stolen property. In the portion of his testimony pertinent to this appeal, Wilmering testified that Beck was brought to the scene of arrest for purposes of identification. When asked why the coat defendant was wearing at the time of arrest had been seized, Officer Wilmering testified, over defense counsel's objections, that, "At the time of identification the victim stated that was his coat and there should have been a half bottle of whiskey in the right front coat pocket." Officer Wilmering stated that in fact, the coat had been inspected and a whiskey bottle was found in the right front coat pocket. Wilmering concluded his testimony by identifying all items that were seized as evidence at the time of arrest.

■ Defendant contends that the court committed reversible error in allowing Officer Wilmering to bolster Beck's credibility by testifying to his extra judicial identification of the stolen property and inferentially the identity of the defendant. He cites *State v. DeGraffenreid,* 477 S.W.2d 57 (Mo. banc 1972), in support of his contention. In *DeGraffenreid,* the arresting police officer testified to the witness' identification of the defendant even though the witness' testimony had not been impeached. The Supreme Court reversed defendant's conviction, holding that testimony by a third party to an extra judicial identification of the accused by the identifying witness is inadmissible unless the identifying witness had been impeached. Mere cross-examination of the identifying witness is insufficient to allow in third party testimony of the extra judicial identification. 477 S.W.2d at 63.

Recently the Supreme Court has had occasion to reexamine this issue. In *State v. Cook,* 628 S.W.2d 657 (Mo. banc 1982), defendant contended the trial court erred in allowing the admission of a police officer's testimony of an eyewitness identification of the defendant. In upholding the conviction, the plurality found the evidence to be inadmissible but harmless. Two other judges determined that the evidence was not hearsay but rather, an utterance offered as evidence of the state of mind.

Here, even if Officer Wilmering's testimony was inadmissible hearsay, it was harmless error. Defendant and Powell fled the robbery site and were captured within minutes of the crime only several blocks from where the robbery occurred. When arrested, they were in possession of all the stolen items. At trial, Beck and an eyewitness identified defendant as one of the robbers. Beck also identified the items police recovered as his own. It is well settled that error which in a close case may require reversal can be disregarded when the evidence of guilt is strong. 477 S.W.2d at 65. In light of this overwhelming evidence against defendant, the admission of Officer Wilmering's statement could not have been prejudicial error.

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.