**STATE of Missouri, Respondent,**

v.

**Terry A. BROCK, Appellant.**

**No. 51993.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 6, 1987.

Motion for Rehearing and/or Transfer
Denied Nov. 6, 1987.

Application to Transfer Denied
Dec. 15, 1987.

Michael D. Burton, St. Louis, for appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for burglary in the second degree, § 569.170, RSMo 1986. Defendant was sentenced to ten years' imprisonment. We affirm.

On October 11, 1985, Mr. Bahre visited his rented storage locker-unit at the Storage Inn. While getting some items from his locker, Bahre noticed a red truck drive slowly past him. He then saw the red truck driving slowly on the lower level of the storage facility. As he was leaving, Bahre noticed the red truck parked in front of a locker. Two black males were inside the truck and one black male was standing by a locker. His suspicions aroused, Bahre circled the building to check on the individuals' activity. As he passed by the second time, he again observed one black male standing outside the truck and two seated in the truck. The defendant was sitting in the driver's seat. Bahre then drove to the manager's office and reported the activities of the individuals to the manager, Mr. Webb.

Webb then drove down to where Bahre had indicated the men were. When he got to locker # 807 Webb saw an empty truck in front of the locker and three black males inside the locker. As Webb approached the locker, one of the men walked over to him. Webb asked what they were doing, then told the individuals to be sure and secure the locker when they were finished. Webb returned to his office and called the police. Webb's son parked a car so that it blocked the exit to the facility, and they waited for the truck.

Two or three minutes later, the truck arrived at the exit. Defendant was driving. The truck stopped at the exit and all three of the individuals inside the truck got out. Webb noticed two headboards in the bed of the truck. He questioned the individuals about the headboards and one of them handed Webb a key. It was later determined that the key opened several lockers, including # 807. The owner of the headboards testified she stored them in locker # 807 and that she had not given anyone permission to take them from the locker.

In his first claim of error, defendant alleges the trial court erred in allowing Webb to testify about three black males he had seen driving on the premises a day or so before the theft from locker # 807. Defendant asserts this testimony was (1) irrelevant because Webb "could neither identify the people involved nor describe their activities"; (2) misleading, "because Webb saw three black males in the automobile and there were three black male co-defendants in [this] case"; and (3) unduly prejudicial because defendant's "explanation of his slow driving ... would be inconsistent with the relevant evidence."

On direct examination, Webb testified he had seen a brown station wagon on the Storage Inn lot a day or two before the charged crime. The prosecutor next asked Webb "who if anyone was in that brown station wagon?" Defendant objected on the grounds of relevancy and misleading the jury. The trial court said it would sustain the objection unless Webb testified defendant was in the brown station wagon.

The prosecutor said Webb would testify there were three black males in the station wagon and that it was his best recollection they were the defendant and his companions. Defendant's objection was overruled to the extent of testimony linking defendant to the brown station wagon. The manager then testified to seeing three black males on the lot, but did not testify the three black males looked like defendant and his two companions. Defendant made no further objection about the State's failure to prove the occupants of the station wagon looked like the three black males arrested on October 11.

On cross-examination defendant's lawyer questioned Webb about the station wagon incident. From that testimony it was clear Webb could not identify defendant or his companions as the occupants of the truck. Webb further testified black males were on the Storage Inn premises on a daily basis. Defendant's lawyer made no objection after his cross-examination of Webb.

Evidence that a brown station wagon containing three black males was on premises frequented by black males one to two days before the crime is not apt to be prejudicial. In his cross-examination of Webb, defendant's lawyer clearly established there was no evidence linking defendant to the brown station wagon; Webb could not say defendant was in the vehicle, and black males were on the premises with enough frequency there was no reason to connect the two incidents. The evidence of the brown station wagon may have been irrelevant, but it was not prejudicial especially in light of the strong evidence of defendant's guilt. Defendant was stopped on the premises while driving a truck that contained furniture that he neither owned nor rightfully possessed. Where evidence of guilt is overwhelming errors in the admission of testimony may be harmless. *State v. Boyd,* 679 S.W.2d 325, 326[2] (Mo. App.1984).

■ In his second point relied on, defendant claims a question asked by the prosecuting attorney suggested "to the jury that other items had been stolen on previous occasions, ... thereby implying

[defendant's] involvement in these crimes." He contends this alleged inference of previous crimes violated his constitutional right to a fair trial. To determine the nature of the question defendant objects to it must be viewed in context.

Q: [by prosecutor] Did you have occasion to talk to [victim]?

A: Yes, sir.

Q: About what?

A: Items that were missing.

Q: *Among those items taken,* there were two headboards; is that correct? (Emphasis added.)

After the question was asked defendant's lawyer moved for a mistrial but did not ask for other relief. The trial judge properly denied the request for a mistrial stating good reasons therefor:

I don't think that its clear that it demonstrates that there was more taken in this particular burglary, or that there were other burglaries. Poor choice of words on the part of [prosecutor], but I don't think it rises to the level of the type of prejudice that should afford the defendant a right to a mistrial, so I'm going to deny your request—

As in *State v. Gilmore,* 681 S.W.2d 934, 943 (Mo. banc 1984), the most that could be said of the prosecutor's question, is that it was a poor choice of words. *See also, State v. Howard,* 714 S.W.2d 736, 738[5] (Mo.App.1986). It is illogical to assume one isolated, vague and ambiguous reference to other crimes would have an impact on the jury that was so devastating as to warrant a mistrial.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.