STATE of Missouri, Respondent,

v.

Terry A. JOHNSON, Appellant.

No. WD 39363.

Missouri Court of Appeals,
Western District.

Feb. 2, 1988.

John T. Yarbrough, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P.J., and GAITAN and COVINGTON, JJ.

PRITCHARD, Presiding Judge.

By the verdict of a jury appellant was convicted of the offense of distribution and delivery of cocaine. Section 195.020, RSMo 1978. Upon a finding that he was a prior offender, the court sentenced him to ten years imprisonment in the Division of Corrections.

Appellant first contends that there was insufficient evidence to sustain the conviction. The facts are these: About February 8, 1986, appellant held a party at his home in Columbia, Missouri. Present were appellant's friend, Byron Fisher, and undercover officer, Mike Hagan, who was going under the name of Mike Thompson. Fisher and Hagan agreed that the latter would provide $100 for a gram of cocaine, and Fisher received the money in five twenties from Hagan a short time later. It was further agreed that Fisher and Hagan would split the cocaine and Fisher would pay him for his one-half the following Monday. Appellant and his sister then proceeded to collect money from various persons present to buy an additional keg of beer. A few minutes later, appellant approached Hagan near the central part of the living room, and asked him if he had the money ready, and Hagan told him he did not, that he had given it to Fisher. Appellant said there were people about ready to leave to get the stuff, and Hagan told him to go

find Fisher. About 11:00 p.m., Hagan conversed with Fisher whom he asked when the stuff was going to be there, and Fisher said he wasn't sure, but he expected it in about a half an hour. Then, about 12:47 a.m., appellant approached Hagan, took his right hand and placed a packet in it, informing him that this was what he was waiting for, and Fisher had received his. Hagan placed the packet in his pocket, later in his billfold and car lockbox, and then took it to the police department. Laboratory tests later performed established that the packet contained cocaine.

Appellant says that the evidence failed to show that he was aware of the nature of the substance allegedly distributed and delivered by Fisher. In this contention he apparently would have the jury believe that it was Fisher, not appellant, who delivered the cocaine packet to Hagan, as Fisher testified at trial. Hagan's testimony was contrary to that of Fisher, and the jury was entitled to believe Hagan rather than Fisher. *State v. Willis,* 707 S.W.2d 835, 837–838[2, 3] (Mo.App.1986); *State v. McMillan,* 593 S.W.2d 629, 635[15] (Mo.App. 1980), where it was said that the jury was entitled to disbelieve defendant's alibi witnesses. Appellant also asserts that his request for money from Hagan, that people were about ready to leave to get the "stuff" might have had reference to the keg of beer. The jury was also entitled to apply a contrary inference from the chain of events leading from Fisher's receipt of the $100, to the time that appellant placed the packet in Hagan's hand, saying that Fisher had received his (half), that the "stuff" was indeed cocaine. Giving to the state the benefit of all the evidence, its reasonable inferences, and viewing the same in the light most favorable to the state, and disregarding all contrary evidence and inferences to the contrary, *State v. Truitt,* 724 S.W.2d 646, 647 (Mo.App. 1986), it is clear that a submissible case of awareness was made. Point I, raising the issue, is overruled.

■ It is appellant's second contention that the trial court should have sustained his challenge for cause of venire person Long-Sprinkle. During voir dire, she disclosed that her husband was in the police reserves and was also a park ranger. When she was asked whether her husband's occupation might sway her one way or another in the case, she answered, "No, sir." During further examination of the panel as to their having been victims of crimes, Long-Sprinkle answered that she had seen abuse taking place, and some of her relatives had been involved in the fire burning of their house and several robberies. When asked if any of those instances would cause her any problem in sitting here fairly, she answered that she thought she could be real fair about it. [There is nothing in the record, as appellant asserts, that Long-Sprinkle admitted witnessing several drug arrests.] The trial court is vested with broad discretion in controlling voir dire; it is in a better position to determine a venire-person's qualifications by reason of presence; any doubts will be resolved in the trial court's favor; and its rulings will not be disturbed absent a clear abuse of discretion. *State v. Merritt,* 734 S.W.2d 926, 929 (Mo.App.1987). In view of the unequivocal answers of Long–Sprinkle of no bias or prejudice, there exists no abuse of discretion, and the trial court was under no duty to make further inquiry as to her potential bias, as appellant claims. The point is overruled.

■ In the third point appellant contends error in the trial court's sending to the jury a note concerning an exhibit. The matter came up in this way: Officer Hagan was asked to review his police report, Defendant's Exhibit A, which was marked but not introduced in evidence. That report had a discrepancy as to the time Hagan arrived at appellant's party, being 09:55 hours, which would on its face have been in the morning. Hagan, in his testimony, corrected the hour to be p.m. The jury asked for the police report, and the court first proposed telling the jury that "the only exhibit admitted into evidence was State's Exhibit 2." Appellant's counsel stated that he just

didn't like that note, and after further colloquy, the court decided to submit the note, and no objection was made as to that action. Appellant here claims that the note was an improper comment on the credibility of his evidence, and showed a lack of impartiality in the trial of this case, and that it demonstrated a belief on the part of the judge that appellant's evidence was insufficient. There was no comment on the evidence in the case. It was proper for the trial court to respond to the jury's inquiry. *State v. Cissna*, 510 S.W.2d 780, 781[2] (Mo.App.1974); *Covington v. State*, 600 S.W.2d 186, 188[3–4] (Mo.App.1980). The point is facetious, and it is overruled.

The judgment is affirmed.

All concur.