STATE of Missouri,
Plaintiff–Respondent,

v.

Milton Harlan SANDERS,
Defendant–Appellant.

No. 52941.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 8, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 15, 1988.

Application to Transfer Denied
May 17, 1988.

Douglas Koski, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Zeigler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Milton Sanders, appeals his conviction by jury of felony assault in the first degree, Section 565.050 RSMo 1986 and armed criminal action, Section 571.015 RSMo 1986. The court sentenced him as a prior and persistent offender to thirty years on the first charge and thirty-two years on the second charge with the sentences to run concurrently. Defendant's sole point on appeal questions the admissibility of a fake driver's license seized at the time of his arrest in Kansas City.

The sufficiency of the evidence is not disputed. On May 11, 1986, the victim, Samuel Lowe, was watching television with Leon Bell, Michael Williams and defendant at defendant's home in University City. Defendant left the room and returned carrying a samurai sword and accused Lowe of burglarizing his home. Bell produced an eight inch butcher knife and Williams brought out a large folding knife. All three began slashing and stabbing Lowe. Lowe escaped from the house. University City police, responding to a report of a fight, arrived at the scene to find Lowe lying unconscious on the ground. Lowe was seriously injured. He endured multiple cuts on his body, a broken wrist, elbow, knee, and ankle as well as a severed left thumb. Inside defendant's house the police found three bloody weapons, evidence of a bloody altercation, and the three attackers. All three men were arrested, but later defendant was released on bond.

Two months later on August 24, 1986, Officer John Martinez of the Kansas City Police Department responded to a report of an attempted auto theft. Standing next to the reported car, Martinez saw defendant looking out of a window of the house where the car was parked. The officer asked defendant if he owned the car and he replied his brother did. Martinez asked defendant to come outside and report the attempted theft for his brother. Doing so, defendant gave his name as "James Sanders" and a false address and phone number. Defendant signed the report as "James Sanders."

Officer Martinez ran a check on the name to verify the information defendant had given him. A description matching "James Sanders" came back under the name of Milton Sanders, who was wanted for first degree assault in St. Louis County. The officer returned to the scene and questioned defendant. This time defendant gave his real name. Martinez arrested him under the authority of the St. Louis County warrant. At police headquarters Martinez discovered that defendant had a false driver's license. The license had defendant's picture but a different name.

At trial defendant testified that he was asleep when the incident occurred, but that he was awakened by the fight and tried to stop it. His counsel asked questions about the fake driver's license and the reason defendant carried it.

Defendant argues on appeal that the trial court erred in admitting over objection testimony of the arresting officer that defendant possessed a fake [false name] driver's license at the time of his arrest. This was evidence of an uncharged crime and, therefore, inadmissible. Defendant's argument fails for several reasons.

■ First, although evidence of other crimes is generally inadmissible, *State v. Maddox*, 657 S.W.2d 719, 721 (Mo.App. 1983), exceptions exist where the evidence has some bearing on the charge at trial. One of these exceptions is where evidence of misconduct tends to show consciousness of guilt by showing a desire to flee or to conceal one's identity from the authorities.

A number of cases hold that possession of false identification is relevant to illustrate consciousness of guilt and is, therefore, admissible. *State v. Plant*, 694 S.W.2d 751, 754–755 (Mo.App.1985); *State v. Williams*, 623 S.W.2d 552, 554 (Mo.1981).

■ Clearly, the police officer's testimony regarding defendant's possession of a fake driver's license is admissible for the purpose of showing consciousness of guilt. Possessing a fake driver's license is consistent with defendant's flight from St. Louis and his attempt to conceal his identity from Officer Martinez. Even if the evidence was evidence of another crime, it was admissible.

■ Second, defendant fails to show that such error, if it was error, was prejudicial. The testimony of Lowe and the police officers provided comprehensive details of a brutal assault. Evidence of other crimes may not be prejudicial in light of strong evidence of guilt. *State v. Boyd*, 679 S.W.2d 325, 326 (Mo.App.1984). Only prejudicial error is reversible error. *State v. Jordan*, 664 S.W.2d 668, 671 (Mo.App. 1984). Where evidence of guilt is overwhelming, errors in the admission of testimony may be harmless. *State v. Brock*, 740 S.W.2d 325, 327 (Mo.App.1987). Here the evidence of defendant's participation in a brutal assault was overwhelming. The mention of defendant's possession of a fake driver's license was insignificant and could not have misled the jury in determining whether defendant participated in the assault, as charged, or was merely a bystander as he claimed.

Judgment affirmed.

SMITH and KELLY, JJ., concur.